IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AZAEL DYTHIAN PERALES,<br><br>        Plaintiff,<br><br>vs.<br><br>BARACK H. OBAMA, PRESIDENT of the UNITED STATES et al.,<br><br>        Defendants. | Case No. 3:11-cv-00182-JWS<br><br>ORDER of DISMISSAL |

On September 13, 2011, Azael Dythian Perales, a resident of Fullerton, California who is a frequent pro se litigant in the federal courts,[1] filed a complaint on a non-prisoner civil rights form against defendants too numerous to name. Doc. 1. Mr. Perales has also filed an application to waive the filing fee. Doc. 3.

Under 28 U.S.C. § 1915(e)(2)(B), the court is required to review Mr. Perales's complaint, and to dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2]

---

[1] A relatively small number of Mr. Perales's federal cases are listed in the footnotes beginning on page 4.

[2] *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners," and subsection (iii)

In conducting its review of a self-represented plaintiff's pleadings, the court is mindful that it must liberally construe the complaint, and give the plaintiff the benefit of the doubt.[3] Before a court may dismiss Mr. Perales's complaint for failure to state a claim upon which relief may be granted, the court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[4] In this case, the deficiencies are numerous,[5] and amendment would be futile.

---

requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave waive the filing fee "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[3] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted); *but see Cook v. Brewer*, 637 F.3d 1002, 1006 (9th Cir. 2011) ("While the pleading standard for Rule 8(a) is liberal, the '[f]actual allegations must be enough to raise a right to relief above the speculative level' *[Bell Atl. Corp. v.] Twombly,* 550 U.S. [544,] 555 [(2007)]. In *Iqbal,* the Court noted that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 570).).

[4] *See Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *see also Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)").

[5] The court will not list all of the deficiencies in the complaint, such as (for instance) going through the list of defendants to ascertain which defendants

Mr. Perales states that he is a resident of California. Although a few of the named defendants are persons recognized by the court to be residents of Alaska, because they are Alaska judges, it is difficult to tell how many of the hundreds of listed defendants have any ties to Alaska. It does appear clear that the Alaska defendants would account for only a small percentage of those listed. After 53 pages in which he names the defendants in his complaint, Mr. Perales seems to focus on three defendants in particular, all of whom reside in Washington D.C.: United States President Barack Obama; I.R.S. Commissioner Douglas H. Schulman; and the Honorable Chief Judge of the Federal Court of Claims, Emily C. Hewitt. Doc. 1 at 54 - 55. There are, therefore, insufficient connections with the state of Alaska to litigate this case here.[6]

Further, "a complaint ... is frivolous where it lacks an arguable basis either in law or in fact."[7] A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims,"[8] such as Mr. Perales has done in this

---

(such as judges) are immune from suit.

[6] *See* 28 U.S.C. § 1391 (venue); *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1132 (9th Cir. 2003) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 477 (1985)) (personal jurisdiction).

[7] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[8] *Cato*, 70 F.3d at 1105 n. 2 (citations and internal quotations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing that an IFP litigant may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits).

case.[9]  "Factual frivolousness includes allegations that are clearly baseless, fanciful, fantastic, or delusional."[10]  On both fronts, this case is frivolous.

As stated by the United States District Court for the District of California, Mr. Perales "complains of violations of numerous United Code sections by hundreds of respondents including heads of state, government entities, legislators, judges, restaurant and company executives, even priests.  Although the petition is hard to

---

[9] *See, e.g., Azael Dythian Perales v. U.S. Marshals Service, et al.*, 1:11-fp-00443 (D.N.H.), filed 9/16/11; *Azael Dythian Perales v. United States of America, et al.*, 4:11-cv-00554 (D.Az.), filed 9/2/11; *Azael Dythian Perales v. United States of America, et al.,* 2:11-cv-03140 (N.D.Al.), filed 8/29/11, dismissed 8/31/11; *Azael Dythian Perales v. United States I.R.S., et al.*, 1:11-cv-02172 (D.Co.), filed 8/19/11, dismissed 8/26/11;*Azael Dythian Perales v. U.S. Internal Revenue Service, et al.*, 1:11-cv-01351 (E.D.Ca.), filed 8/15/11, dismissed 8/24/11;  *Azael Dythian Perales v. United States* of America, et al. 1:11-cv-22833 (S.D.Fl.), filed 8/1/11, dismissed 9/2/11; *Azael Dythian Perales v. United States Marshal Service, et al.*, 2:11-cv-01621 (E.D.Ca.), filed 6/15/11; *Azael Dythian Perales v. Orange County Sheriff's Department, et al.*, 8:11-cv-00824 (C.D.Ca.), filed 5/31/11, dismissed 6/30/11; *Azael Dythian Perales v. United States of America*, 1:11-cv-00091 (Fed.Ct.Cl.), filed 2/10/11, dismissed 2/17/11;*Azael D. Perales v. United States of America*, 4:11-cv-00113 (D.Az.), filed 2/8/11, dismissed 2/22/11; *Azael Dythian Perales v. United States I.R.S.,* 3:10-cv-02621 (N.D.Tex.), filed 12/23/10, dismissed 1/27/11; *Azael Dythian Perales v. Federal Election Commission*, 1:10-cv-00244 (E.D.Tenn.), filed 8/27/11, dismissed with prejudice 10/5/11 ("Perales seeks a modest $3,000,000.00 in damages from the Federal Election Commission ('FED'),and other entities too numerous to name."  Doc. 4 at 1, adopted at Doc. 5), appeal dismissed, 6/16/11 (Doc. 7); *Azael Dythian Perales v. United States Tax Court, et al.*, 5:10-cv-00149 (D.Vt.), filed 6/16/10, dismissed 6/30/11.

[10] *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 328 (1989) ("[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact.") *Id*. at 325.).

decipher, it is clear that no relief is available in this Court."[11] The United States District Court for the District of Arizona stated that "the virtually unintelligible petition appears to allege that the named Defendants, including the United States of America, the President, a variety of governmental officials, and an assortment of private individuals, are guilty of a potpourri of federal crimes."[12] The Federal Court of Claims, in one of its orders of dismissal, describes several of Mr. Perales's previous cases throughout the country, and notes that the case has "no direct factual focus," and that "it is impossible to discern [Mr. Perales's] precise allegations."[13] The United States District Court for the Central District of California describes Mr. Perales's filing, "which names President Obama, Secretary of State Clinton, Attorney General Eric Holder, and an assortment of other government officials (including 'all named defendants'), [as] virtually unintelligible."[14] Finally, Mr. Perales was warned by the United States District Court for the Northern District of Texas that he could be sanctioned for bringing frivolous lawsuits, or

---

[11] *Perales v. U.S. Internal Revenue Service, et al.*, Case No. 1:11-cv-01351 (E.D.Ca.), Doc. 5 at 1.

[12] *Perales v. United States of America*, 4:11-cv-00113 (D.Az.), Doc. 5 at 2.

[13] *Perales v. United States*, 93 Fed.Cl. 495, 496-97 (2010) (dismissed with prejudice).

[14] *Perales v. United States*, 2011 WL 684195 *1 (C.D.Ca. Feb. 11, 2011) (unpublished).

barred from filing further lawsuits without prior consent.[15]  As with the cases described above, this case must be dismissed as frivolous and nonsensical.

**IT IS HEREBY ORDERED:**

1. This action is DISMISSED with prejudice;[16] and

2. The motion to waive the filing fee is DENIED.

DATED this 21st day of September, 2011, at Anchorage, Alaska.

/s/ JOHN W. SEDWICK
United States District Judge

---

[15] See *Azael Dythian Perales v. United States I.R.S.,* 3:10-cv-02621 (N.D.Tex.), Docs. 4 - 6.

[16] See *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits").